IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

STEVAN B. DALRYMPLE, Individually        *
and as Special Administrator of the Estate   *
of Matthew Jordan Dalrymple, Deceased,   *
                                         *
            Plaintiff,                   *
                                         *
vs.                                      *    No.5:04CV00006 SWW
                                         *
THE HARRIS WASTE MANAGEMENT              *
GROUP, INC. and IPS BALERS, INC.,        *
                                         *
            Defendants.                  *

**Memorandum and Order**

According to the amended complaint, on August 1, 2002, Matthew Jordan Dalrymple sustained fatal injuries while he was trying to clear a jam at the compact hopper of a Harris HRBN Baler, manufactured, assembled, marketed, designed, and distributed by The Harris Waste Management Group, Inc. ("Harris") and IPS Balers, Inc. ("IPS"), in the course of his employment with the Jefferson County Landfill and Recycling Center in Jefferson County, Arkansas. Plaintiff, individually and as special administrator of the Estate of Matthew Jordan Dalrymple, filed a lawsuit against Harris and IPS alleging negligence, strict liability, and breach of warranty. Defendant Harris filed a cross-claim against IPS, claiming it is entitled to contribution and indemnity against IPS, and IPS crossclaimed against Harris for indemnity or contribution.

In August 2005, Harris and IPS filed separate Notices of Non-Party's Fault pursuant to Ark. Code Ann. § 16-55-201 *et seq.* , alleging Dalrymple's death was caused by the negligence of his employer, Jefferson County, Arkansas. Plaintiff filed a motion to strike defendants' Notice of Non-

Party Fault on September 15, 2005, to which defendants responded. For the reasons stated below, the motion to strike is granted.

>Arkansas Code Annotated Section 16-55-202 provides in pertinent part:
>
>(a) In assessing percentages of fault, the fact finder shall consider the fault of all persons or entities who contributed to the alleged injury or death or damage to property . . . regardless of whether the person or entity was or could have been named as a party to the suit.
>
>. . .
>
>(b)(2) The notice shall be given by filing a pleading in the action designating the nonparty and setting forth the nonparty's name and last known address . . . together with a brief statement of the basis of believing the nonparty to be at fault.
>
>. . .
>
>(c)(2) Assessments of percentages of fault of nonparties shall be used only for accurately determining the percentage of fault of named parties.
>
>(3) Where fault is assessed against nonparties, findings of fault shall not subject any nonparty to liability in any action or be introduced as evidence of liability in any action.

Section 16-55-220(a) provides that Section 16-55-201 et seq. apply to all causes of action accruing on or after March 25, 2003. Plaintiff argues that because this case is predicated on events that occurred on August 1, 2002, the cause of action accrued before the March 25, 2003, deadline of the application of § 16-55-201, et seq. In response, Harris argues that § 202(b)(2) is procedural or remedial legislation, and under Arkansas law, it can be applied retroactively.

"The basic rule of statutory construction is to give effect to the intent of the General Assembly. In considering the meaning of a statute, we construe it just as it reads, giving the words their ordinary and usually accepted meaning in common language. If the language is plain and unambiguous and conveys a clear and definite meaning, there is no need to resort to rules of

construction." *Madden v. Aldrich,* 58 S.W.3d 342, 348 (Ark. 2001). Here, the statute specifically states: Section 16-55-201 et seq. . . . apply to all causes of action accruing on or after March 25, 2003." With this language, the legislature left no doubt that the statute does not apply retroactively. Therefore, there is no need to get into a discussion of whether the legislation is remedial or procedural in nature in order to determine what rules of construction apply.

IT IS THEREFORE ORDERED that plaintiff's motion to strike [docket entry 42] is granted.

DATED this 4th day of October 2005.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE